**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCELINO ABREU BONORA, Petitioner** | : | **No. 3:26cv2094** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **WARDEN, Clinton County Correctional Facility, Respondent** | : | |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Marcelino Abreu Bonora. (Doc. 1).[1] Abreu Bonora is a 62-year-old Cuban national in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). (Doc. 10-4 at ECF p. 2).

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner filed the instant petition while detained at Clinton County Correctional Facility. (Doc. 1 at ECF pp. 1, 6). Petitioner asserts that his continued detention violates the Due Process Clause of the Fifth Amendment. Id. at ECF p. 6. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Contrary to the government's assertions, nothing alleged in the petition for writ of habeas corpus strips the court of jurisdiction—not the third country removal process, not the certified class in D.V.D. v. United States Department of Homeland Security, No. 26-1212, ___ F.4th ___, 2026 WL 2797801, at *4–6 (1st Cir. Sept. 18, 2026), stay entered and cert. granted, ___ S. Ct. ___, 2026 WL 2917860 (Sept. 29, 2026), and not the provisions at 8 U.S.C. § 1252(b)(9) and (g). As discussed in the body of this memorandum, this matter fits squarely within the discussion in Zadvydas v. Davis, 533 U.S. 678 (2001).

Abreu Bonora was admitted to the United States as a refugee on December 3, 2015. (Doc. 10-4 at ECF p. 3). His application for permanent residence or adjustment of status was denied in 2019. Id.

On August 24, 2022, in the United States District Court for the Middle District of Florida, Abreu Bonora was sentenced to time served and three years of supervised release for conspiracy to distribute and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. (Doc. 10-8 at ECF pp. 2–4). Shortly thereafter, on October 4, 2022, an immigration judge found the petitioner deportable under 8 U.S.C. § 1227(a)(2)(B)(i) for his controlled substances conviction and under § 1227(a)(2)(A)(iii) for his aggravated felony conviction. (Doc. 10-7 at ECF p. 2–4). The IJ ordered the petitioner removed to Cuba. Id. There is no indication that petitioner appealed that determination. Petitioner was not removed at that time.

On February 6, 2025, Abreu Bonora admitted that he violated the terms of his federal criminal supervised release by and through convictions for larceny/grand theft and for use of cocaine. (Doc. 10-9 at ECF pp. 2–3). He was sentenced to twelve months and one day of incarceration, consecutive to the term of imprisonment for his underlying state court convictions. Id. at 4.

On December 29, 2025, ICE took Abreu Bonora into custody from the custody of the Federal Bureau of Prisons at FCI-Loretto in Cambria County,

Pennsylvania. (Doc. 1 at ECF pp. 4, 6; Doc. 10-4 at ECF p. 3). On January 14, 2026, Abreu Bonora was served with a third-country notice of removal by ICE with the intent to remove him to Mexico. (Doc. 10-15). According to a deportation officer employed by ICE, there is a significant likelihood that Abreu Bonora will be removed to Mexico in the reasonably foreseeable future. (Doc. 10-2, A. Campbell Decl. ¶ 27).

According to Bonora, he is detained at the Clinton County Correctional Facility under 8 U.S.C. § 1226(a) or § 1226(c). (Doc. 1 at ECF pp. 2, 6). Contrary to his assertions, Abreu Bonora's detention is governed by 8 U.S.C. § 1231 and Zadvydas v. Davis, 533 U.S. 678 (2001). Pursuant to the statute, when an alien is ordered removed, the government "shall" remove the alien from the United States within a period of 90 days, the "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] or (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B). During the removal period, the individual subject to the removal order shall be detained. § 1231(a)(2)(A).

Only Section 1231(a)(1)(B)(iii) is applicable to the petitioner. That is, Abreu Bonora's removal period began on the date he was released from the

confinement portion of his federal criminal sentence on December 29, 2025. (Doc. 1 at ECF p. 6). The Section 1231(a)(1)(A) removal period ended 90 days later, on March 29, 2026. That was six months ago.

Abreu Bonora is deportable under the provisions of 8 U.S.C. § 1227(a)(2). Thus, the petitioner may be detained beyond the removal period or released under terms of supervision. 8 U.S.C. § 1231(a)(6); Zadvydas, 533 U.S. at 683. Section 1231(a)(6) does not expressly specify how long detention past the 90-day removal period may continue. Johnson v. Arteaga-Martinez, 596 U.S. 573, 579 (2022). In Zadvydas, the Supreme Court construed 8 U.S.C. § 1231(a)(6) to permit detention only for a period reasonably necessary to secure removal, and recognized a "presumptively reasonable" six-month detention period. 533 U.S. at 682, 699, 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." Id. at 701.

Here, as Abreu Bonora approaches the 10-month mark of detention, he has not supplied the "good reason" contemplated in Zadvydas. No details about the likelihood of removal may be found in his initial petition, and the petitioner did not file a traverse. The government indicates that it has been working to remove

the petitioner to Mexico. (Doc. 10-2, A. Campbell Decl. ¶¶ 24). Consequently, the court cannot grant relief to the petitioner under Zadvydas.

Thus, for the reasons set forth above, it is hereby **ORDERED** that:

1) Marcelino Abreu Bonora's petition for writ of habeas corpus, (Doc. 1), is **DENIED**; and

2) The Clerk of Court is directed to close this case.

**BY THE COURT:**

**Date:** 10/14/26

**JUDGE JULIA K. MUNLEY**
**United States District Court**